**UNITED STATES of America,**
**Appellee,**

v.

**Dmitry PROSHIN, Defendant–**
**Appellant.**

No. 04–5308–CR.

United States Court of Appeals,
Second Circuit.

Feb. 16, 2006.

Louis R. Aidala, New York, NY, for Appellant.

Christopher P. Conniff, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, Jonathan S. Kolodner and Robin L. Baker, Assistant United States Attorneys, on the brief), United States Attorneys, Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: AMALYA L. KEARSE, RICHARD J. CARDAMONE and JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Defendant Dmitry Proshin appeals from a judgment of conviction entered by the District Court on September 17, 2004 following a jury trial at which defendant was found guilty of conspiring to create and of creating false identification cards in violation of 18 U.S.C. §§ 1028 and 2.[1] The two-count indictment charged that Proshin conspired to assist and did assist persons seeking fraudulently to obtain state-issued drivers' licenses. The District Court imposed a sentence principally of twenty-four months' imprisonment for each count, to be served concurrently. Defendant has completed serving his prison sentence.

We assume the parties' familiarity with the underlying facts and procedural history.

On appeal defendant raises four primary arguments: (1) that because the identification cards were issued by state employees oblivious to the illegal scheme, defendant did not "produce" them or conspire to do so; (2) that the evidence presented was insufficient to show that the persons Proshin helped to get North Carolina drivers' licenses were not lawfully entitled to them; (3) that various evidentiary rulings deprived defendant of a fair trial; and (4) that the District Court erred in applying a six-point enhancement when calculating defendant's advisory Guidelines sentence.[2] None of these arguments is meritorious.

1. The provision under which defendant was charged prohibits, in relevant part,

    knowingly and without lawful authority produc[ing] an identification document, authentication feature, or a false identification document .... [when] the production, transfer, possession, or use ... is in or affects interstate or foreign commerce, including the transfer of a document by electronic means.

    18 U.S.C. §§ 1028(a)(1), (c)(3)(A).
    The cards whose production is prohibited include
    a birth certificate, or a driver's license or personal identification card.
    18 U.S.C. § 1028(b)(1)(A)(ii).

    With regard to indirect violations of federal criminal law, the United States Code provides that
    (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
    (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.
    18 U.S.C. § 2.

2. In a separate opinion filed today, *see United States v. Proshin*, 438 F.3d 235 (2d Cir.2005), we affirm the District Court's imposition of the six-point enhancement under United

First, 18 U.S.C. § 2(b) treats as a principal one who "willfully causes an act to be done which if directly performed by him or another would be an offense against the United States." Therefore, if Proshin would have committed the substantive offense charged had he fabricated the licenses himself, he is considered equally guilty for having caused state employees to do so. Defendant concedes that he helped two women, who later testified for the government, obtain learners' permits in North Carolina. One woman also obtained a driver's license. Br. of Appellant 6–7.

Second, defendant's suggestion that the trial evidence cannot support a finding that the witnesses were not entitled to North Carolina licenses is without merit. The government presented documents and testimony showing that Proshin's co-conspirator provided non-North Carolina residents with phony documents and encouraged them to proffer a false in-state address so they could impersonate North Carolina residents and thereby obtain identification cards restricted to state residents. The government presented evidence that Proshin aided and abetted that conduct by advertising in a newspaper that he could help people to obtain driver's licenses, collecting large fees from those who sought his help, and sending them to his co-conspirator in North Carolina.

Third, defendant's arguments concerning evidentiary rulings do not convince us that the District Court admitted any improper evidence, let alone that had any of the evidence been wrongfully admitted, Proshin would be entitled to a new trial. We have held repeatedly that a "district court judge is in the best position to evaluate the admissibility of offered evidence," *United States v. Valdez*, 16 F.3d 1324, 1332

States Sentencing Guidelines § 2L2.1. The remainder of defendant's arguments are ad-

(2d Cir.1994), and that such decisions are reviewed for abuse of discretion. *See, e.g.,* *United States v. Taubman*, 297 F.3d 161, 164 (2d Cir.2002); *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 150 (2d Cir.1997) ("The trial court has broad discretion over the admission of evidence, and its evaluation of relevance is entitled to substantial deference.") (citation omitted). No abuse of discretion occurred in this case.

For the foregoing reasons, the judgment of the District Court is AFFIRMED.

dressed in this summary order.